IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV152-03-MU

| | |
|---|---|
| HAROLD SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JOHN LEDFORD, Sheriff; JAMES ) | |
| HARWOOD; Captain; DENNY ) | |
| GOFORTH, Chief Deputy; EDDIE RICE, ) | |
| Jail Administrator ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed May 18, 2006. (Document No. 1.)

Plaintiff alleges that on January 13, 2005 as he was leaving the home a friend, he came upon Defendant Harwood who was dressed in civilian clothes and was pointing a gun at him. In fear of his life, Plaintiff fled and was pursued, assaulted and arrested by Defendants Ledford and Goforth. Plaintiff argues that Defendants' outrageous conduct caused him to suffer extreme mental anguish, humiliation and distress. Plaintiff seeks compensatory damages from Defendants Ledford, Harwood and Goforth in the amount of ten million dollars and punitive damages in the amount of fifty million dollars.

Plaintiff further alleges that while he was being processed into the Madison County Jail, Defendant Rice confiscated Plaintiff's Bulova watch, a diamond ring, a gold necklace and $301.00 in cash and upon his departure from that facility, refused to return Plaintiff's property despite

1

Plaintiff's repeated requests to do so. Plaintiff seeks a Court Order directing Defendant Rice to immediately return his property, and punitive damages in the amount of twenty thousand dollars.

Plaintiff contends that all of the Defendants engaged in a civil conspiracy in which they committed acts of assault, battery, excessive force confiscation of property and intentional infliction of emotional distress. Plaintiff's Complaint fails to state a claim for relief and therefore for the reasons stated in this Order, his Complaint must be dismissed.

## I. ANALYSIS

**1. Claims Against Defendants Harwood, Goforth and Ledford are Dismissed**

With respect to Defendant Harwood, Plaintiff alleges that he came out of a friend's house and encountered Defendant Harwood pointing a gun at him. Plaintiff contends that Defendant Harwood's conduct was extreme and outrageous. Plaintiff then contends that he ran from Defendant Harwood, because he was not dressed as a police officer and Plaintiff was in fear of his life, and was then was pursued by car by Defendant Goforth and then assaulted by both Defendant Goforth and Ledford. Defendant argues that Defendants Harwood, Goforth and Ledford caused him extreme mental anguish, humiliation and distress and that they acted willfully, maliciously and with extreme and outrageous conduct. Plaintiff has also failed to state a claim for relief.

Although Plaintiff has made general allegations that his rights were violated under the First, Fifth, Eighth and Fourteenth Amendments, the only allegation in the Complaint that comes close to stating a constitutional violation is that Defendants Ledford and Goforth assaulted him. However, Plaintiff has not alleged any injuries from his alleged assault. A pretrial detainee claiming excessive force must show more than a de minimus injury. Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997).

Here, Plaintiff has not alleged any injury at all. There is no allegation that he was injured

during the assault by Defendants Harwood, Ledford and Goforth.  There is no claim that Plaintiff required any medical care or that was taken to the infirmary or hospital.  In short, Plaintiff has failed to allege any injury resulting from the assault by Defendant Harwood, Ledford and Goforth  For this reason, Plaintiff has not stated an excessive force claim, or any other constitutional claim[1], in his Complaint and Defendants Harwood, Goforth and Ledford are dismissed.

**2. Claim Against Defendant Rice Must be Dismissed**

With respect to Defendant Rice, Plaintiff claims that while he was being processed into the Madison County Jail, Defendant Rice confiscated his person property and upon his departure from that facility, Defendant Rice refused to return his personal property consisting of a watch, a necklace, a ring and $301.00 in cash.  Plaintiff contends that Defendant Rice refused to return his property despite repeated requests to do so.

Plaintiff's allegation, regarding his property, if true, amounts to a conversion.  Gallimore v. Sink, 27 N.C.App. 65 (1975).  When a property loss results from the random, unauthorized act of a state employee, no due process violation arises if adequate postdeprivation remedies exist.  Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). North Carolina's post-deprivation remedies are adequate. N.C.Gen.Stat. §§ 143-291, et seq. See Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983)(due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner).  Because adequate post-deprivation remedies exist, there is no legal theory which would support this claim and it is therefore dismissed.  Hudson v. Palmer, 468 U.S. 517 (1984).

---

[1] Plaintiff's claim of conspiracy is unsupported, conclusory and without merit.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The claims against Defendants Harwood, Ledford and Goforth are dismissed for failure to state a cognizable claim for relief.

2. The claim against Defendant Rice is also dismissed for failure to state a cognizable claim for relief.

3. Plaintiff's Complaint is therefore dismissed.

**SO ORDERED**.

Signed: May 22, 2006

Graham C. Mullen
United States District Judge