IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV152-03-MU

| | |
|---|---|
| HAROLD SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| JOHN LEDFORD, Sheriff; JAMES | ) |
| HARWOOD; Captain; DENNY | ) |
| GOFORTH, Chief Deputy; EDDIE RICE, | ) |
| Jail Administrator | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Alter or Vacate Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Document No. 6-1). By the instant motion, Plaintiff asks this Court to alter or vacate the dismissal of his Complaint for failure to state a claim for relief.

On May 18, 2006, Plaintiff filed a Complaint (Document No. 1) pursuant to 42 U.S.C. § 1983 alleging that on January 13, 2005, Defendant police officers Ledford, Harwood, and Goforth conspired to commit acts of assault, battery, and excessive force upon his person in the course of an arrest. Plaintiff further alleged that Defendant jail administrator Rice confiscated his personal property consisting of a watch, diamond ring, gold necklace and $301.00 in cash as Plaintiff was processed into the Madison County Jail. Plaintiff asserts that Rice refused to return said property upon Plaintiff's departure despite repeated requests. By order dated May 22, 2006, this Court dismissed Plaintiff's Complaint for failure to state a claim for relief (Document No. 4).

1

After conducting an initial review of Plaintiff's Complaint, this Court concluded that with respect to Defendants Ledford, Harwood, and Goforth, the only Constitutional violation alleged was Plaintiff's claim for assault. However, the Court dismissed Plaintiff's Complaint because Plaintiff failed to allege more than a de minimus injury. <u>Riley v. Dorton</u>, 115 F.3d 1159 (4th. Cir. 1997). With respect to Defendant Rice, the Court determined that North Carolina's post-deprivation remedies are adequate such that no due process violation arises. As a result, Plaintiff failed to state a claim for relief.

By the instant motion, filed on June 05, 2006, Plaintiff moves to alter or vacate the Court's dismissal. This Court declines to consider Plaintiff's motion as the basis for this Court's dismissal still stands and Plaintiff has not asserted any new claims that would alter the analysis of that Order. Therefore, Plaintiff's Motion to Alter or Vacate Order dated May 22, 2006, is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Vacate Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Document No. 6-1) is **DENIED**.

**SO ORDERED**.

Signed: June 19, 2006

Graham C. Mullen
United States District Judge